UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**VIRGINIA MARIE OJEDA,**
**PLAINTIFF**

**V.**  CIVIL ACTION NO.: 4:20-cv-00060-JMV

**ANDREW SAUL,**
*COMMISSIONER OF*
*SOCIAL SECURITY ADMINISTRATION,*
**DEFENDANT**

### MEMORANDUM OPINION

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income ("SSI"). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, is of the opinion the Commissioner's decision should be affirmed.

### Judicial Review of Social Security Cases

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d

232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994).

## Analysis

Plaintiff raises essentially two arguments in her brief: 1) that the ALJ erred at step three of the sequential evaluation process because her Wegener's granulomatosis either met or equaled Listing 14.03 and 2) that the administrative law judge's (ALJ's) step five finding was erroneous.

Plaintiff's first argument is without merit for several reasons, including the fact that state agency medical consultant Carol Kossman evaluated Plaintiff's file in April 2017 and reported no listing-level impairment. And, contrary to Plaintiff's contention, the ALJ was not required to obtain an updated medical opinion on the issue of equivalency in this case as Plaintiff has failed to show her new evidence submitted at the Appeals Council level (a 2019 ER visit for acute pancreatitis) might have changed the findings of the state agency medical consultant on the issue of equivalency. *See, e.g., Thomas v. Astrue*, No. 6:07cv-053-C ECF, 2009 WL 2777867, at *4-5

2

(N.D. Tex. Aug. 31, 2009) (finding the ALJ did not err in failing to obtain updated medical opinion on issue of medical equivalence even when issue of plaintiff's visual impairment did not arise until after state agency medical consultant had reviewed plaintiff's case and there was no physician or medical expert opinion in the record relating to such issue). Moreover, even assuming the ALJ erred at step three, Plaintiff failed to meet her burden to show her impairment met or equaled all the medical criteria for Listing 14.03.[1] *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (an impairment, no matter how severe, does not meet a medical listing unless it manifests all the listing's medical criteria). *See also Selders v. Sullivan*, 914 F.2d 614, 619-620 (5th Cir. 1990) (finding substantial evidence supported the ALJ's determination the claimant's condition did not equal a listing because the plaintiff failed to point to medical findings that supported the substantial equivalent of all the criteria for the subject impairment). Less than a year after Plaintiff was diagnosed with Wegener's and well before she filed her application for SSI, her Wegener's was in remission and/or controlled with treatment (with no sign of vasculitis); her renal function was stable; and her pulmonary function was normal. Plaintiff has pointed to no medical evidence of any flares of her Wegener's following its manifestation in April 2016.

As regards Plaintiff's second argument, she has failed to show a step five error. The ALJ relied on the vocational expert's ("VE") testimony there were three representative jobs available in the national economy someone with Plaintiff's residual functional capacity ("RFC") could perform. Contrary to Plaintiff's assertions, the RFC found by the ALJ reasonably included both exertional and non-exertional limitations found by the ALJ.[2] Because the VE

---

[1] Listing 14.03 requires a showing of systemic vasculitis. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.03.

[2] Also contrary to Plaintiff's contentions, the ALJ's findings regarding the claimant's mental limitations are

testimony relied upon by the ALJ was based on a hypothetical that reasonably included both the claimant's exertional and non-exertional limitations, and Plaintiff has failed to rebut the VE's testimony she could perform at least three jobs that exist in the national economy, her second argument is rejected.  Lastly, Plaintiff's suggestion the ALJ was required—pursuant to *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002) and *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986)—to make a separate finding regarding her ability to maintain employment is simply not supported by the record.  *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) ("[N]othing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case.").  Ultimately, the decision of the Commissioner should be affirmed in this case.

Signed this 15th day of March, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

supported by the medical opinion of state agency medical consultant Michael Neboschick, Ph.D., who considered Dr. Whelan's consultative report and, nevertheless, concluded the claimant was capable of performing simple tasks for at least two-hour periods, among other things.